**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>batelibags, A Chinese Entity<br><br>    Defendant. | Case No. 1:25-cv-00661-SJC-MDW<br><br><br>**Honorable Sharon Johnson Coleman**<br><br>**Magistrate M. David Weisman** |

**ORDER FOR PRELIMINARY INJUNCTION**

THIS CAUSE being before the Court on Plaintiff, Hong Kong Leyuzhen Technology Co. Limited, ("Plaintiff") Motion for Entry of Preliminary Injunction ("Motion") and this Court having heard the evidence before it, hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against Defendant, batelibags, A Chinese Entity, who operates fully interactive, e-commerce stores under the seller aliases identified in Schedule A (collectively, the "Seller Aliases") and attached hereto.

The Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendant because Defendant directly targets their business activities toward consumers in the United States, including consumers in the State of Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including to the State of

1

Illinois, and has sold knockoff products through the unauthorized use and display of Plaintiff's federally registered copyrights (the "Plaintiff's Copyrights") to residents of the State of Illinois. Docket No. 16-1, Ex. 1 to the First Amended Complaint, which includes Plaintiff's Copyright, VA0002382152.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a prima facie case of copyright infringement because (1) Plaintiff is the lawful assignee of all right, title and interest in and to the federally registered copyright(s), (2) Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or uses knock-off products that infringes directly and/or indirectly Plaintiff's federally registered copyrights and (3) an ordinary observer would be deceived into thinking the Infringing Products were the same as Plaintiff's federally registered copyrights. Furthermore, Defendant's continued, and unauthorized use of Plaintiff's federally registered copyrights irreparably harms Plaintiff through loss of customers' goodwill and reputational harm. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. As such, this Court orders that

1.      Defendant, their affiliates, officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

a. Using or displaying the Plaintiff's Copyrights, in any medium, whether it be print, digital or otherwise, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or is not authorized by PLAINTIFF to be sold in connection with the Plaintiff's Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by PLAINTIFF through the use or display of the Plaintiff's Copyrights;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF;

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale through the use or display of the Plaintiff's Copyrights; and

e. Defendant shall not transfer or dispose of any money or other of Defendant assets in any of Defendant's financial accounts.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendant or in connection with any of Defendant's Online Marketplaces, such as eBay, Inc. ("eBay"), Temu.com, AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers") shall, within ten (10)

business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendant, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendant, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), including present balances on any accounts.

3. Upon PLAINTIFF's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and infringing goods using the Plaintiff's Copyrights.

4.     Defendant shall be restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5.     Any Third-Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order:

a.  locate all accounts and funds connected to Defendant's Seller Aliases, including, but not limited to, any financial accounts connected to the information related to Defendant, the e-mail addresses identified in Exhibits, and any e-mail addresses provided for Defendant by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

6.     Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 45 related to:

a.     the identities and locations of Defendant, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b.     the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

c.     any financial accounts owned or controlled by Defendant, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any

banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Temu.com, PayPal Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7.      The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, Cloudflare Inc, Oracle Corp., Amazon Inc., Alibaba Group d/b/a Alibaba Cloud.com, Namesilo, LLC d/b/a privacuguardian.org, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

8.      Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within three (3) business days of being served via e-mail.

9.      Plaintiff may provide notice of these proceedings to Defendant, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Complaint, this Order and other relevant documents on a website https://blointernetenforcement.com/, and by sending an e-mail to the e-mail addresses identified in Exhibits and any e-mail addresses provided for

Defendant by third parties that includes a link to said website. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford them the opportunity to present their objections.

10.     Plaintiff has seven (7) business days, if not already deposited, to deposit with the Court five thousand ($5,000.00), as surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder.

11.     Defendant, that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

<br>

Sharon Johnson Coleman
United States District Judge

DATED: April 23, 2025

7